■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SAMUEL EUGENE BROWN, Appellant. — Order unanimously reversed and proceeding remitted to Erie County Court for a hearing in accordance with the Memorandum. Memorandum: Defendant's *coram nobis* petition requesting a *Huntley* hearing in connection with an alleged written statement made to the police and further alleging inadequacy of legal representation was denied without a hearing. The denial of a hearing on the voluntariness of the statement was proper, for the record contains no grounds to justify the holding of a *Huntley hearing*. This matter must, however, be remitted for a hearing on the issue of adequacy of counsel for the allegations of the petition are not effectively rebutted either by the record of the trial or the opposing affidavits of the District Attorney. Defendant's assigned trial attorney, prior to the trial, moved for the appointment of co-counsel and gave as his reason for his application his own inexperience in criminal matters. Experienced co-counsel was in fact assigned but never notified of his appointment until the morning of the trial. The trial record reveals that co-counsel informed the court of this fact and asked to be relieved because of his complete lack of knowledge of the case. The court " released " him from the assignment and ordered defendant to stand trial with only his originally assigned attorney to defend him. The petition alleges that defendant's attorney informed the court that he was not prepared for trial, for he believed the experienced co-counsel would act as chief counsel and requested an adjournment to prepare adequately for trial and for time to subpœna certain witnesses. The record indicates that motions were made at the Bench but contains

no information as to the nature of these motions. The trial was commenced immediately thereafter and resulted in defendant's conviction. Defendant should have a hearing on these allegations of his petition relating to adequacy of representation, including the release of his co-counsel and the denial of the requested adjournment to prepare for trial. (See *People* v. *Tomaselli*, 7 N Y 2d 350, 358.) (Appeal from order of Erie County Court denying, without a hearing, motion to vacate judgment of conviction for robbery, first degree, rendered March 28, 1963.) Present — Williams, P. J., Goldman, Henry, Del Vecchio and Marsh, JJ.